UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHANIEL BARRETO, | : |
| | : Civil No. 16-2326 (FLW) |
| Petitioner, | : |
| | : |
| v. | : **MEMORANDUM OPINION** |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
| Respondent. | : |

**FREDA L. WOLFSON, U.S.D.J.**

This matter comes before the Court by way of a motion filed by petitioner Nathaniel Barreto ("Barreto" or "Petitioner"), under 28 U.S.C. § 2255, to vacate a sentence imposed by judgment of this Court. (ECF No. 1.) Barreto's motion also requested court-appointed counsel to aid him in the proceeding. (*Id.*) For the reasons stated herein, the § 2255 motion is dismissed without prejudice and the application for appointment of counsel is denied.

Barreto, acting *pro se*, filed a motion to vacate his sentence in *United States v. Barreto*, Crim. No. 11-685 (FLW), on April 25, 2016. (*See id.*) In his motion, Barreto raised a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*Id.*)

On June 23, 2016, Chief Judge Jerome B. Simandle issued Standing Order 16-2, which noted the large number of cases filed under *Johnson* and created specific processes for such cases. *In re Motions Seeking Collateral Relief on the Basis of* Johnson v. United States, Misc. No. 16-11 (JBS), ECF No. 2. Among other things, the Standing Order stayed *Johnson* cases and permitted motions filed before June 27, 2016 to be filed in the form of short "placeholders." *Id.* at 3. It permitted petitioners under *Johnson* "up to 150 days from June 27, 2016 to file a final memorandum of law supporting relief," and it further permitted the government "a period of up

to 150 days after the filing of the movant's final memorandum of law to file its response to the motion and memorandum." *Id.* at 3–4.

On December 16, 2016, observing that Barreto, as an incarcerated, *pro se* litigant, might not know of Standing Order 16-2, this Court entered an Order alerting him to the Standing Order's effects, directing that the Clerk send him the Standing Order, and granting him an additional forty-five days to file a supporting memorandum of law. (ECF No. 2.) The Court also included the provisions of a *Miller* Order, directing Barreto, within forty-five days, to notify the Court whether he intended to proceed with his initial § 2255 motion as all inclusive or to withdraw his original motion and file an amended version. (*Id.* at 2–3.) The Court additionally noted that Barreto did not use the proper habeas form, ordered the Clerk to send him a proper form, and warned Barreto that his one-page motion "may be subject to dismissal under Rule 2 of the Rules Governing § 2255 Proceedings for failure to provide sufficient facts in support of his *Johnson* claim." (*Id.* at 3 & n.3.) There has been no docket activity since that time.

Despite the Court ordering Barreto, within forty-five days, to "either notify the Court that he intends to have his pending § 2255 Motion considered as his all-inclusive § 2255 motion, <u>or</u> submit an amended § 2255 motion, which includes all available federal claims," Barreto filed nothing further.

Barreto also failed to respond despite the Court's explicit warning that his motion, as filed, "may be subject to dismissal under Rule 2 of the Rules Governing § 2255 Proceedings for failure to provide sufficient facts in support of his *Johnson* claim." Rule 2 requires that a § 2255 motion "specify all the grounds for relief available to the moving party[,] . . . state the facts supporting each ground of relief[,] [and] state the relief requested." Rules Governing § 2255 Proceedings, Rule 2, 28 U.S.C. foll. § 2255. The Supreme Court, citing the similar rule

2

applicable to § 2254 proceedings, has noted that "[h]abeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rules Governing § 2254 Proceedings, Rule 2(c), 28 U.S.C. foll. § 2254). Furthermore, Rule 4 of the Rules Governing § 2255 Proceedings directs that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rules Governing § 2255 Proceedings, Rule 4, 28 U.S.C. foll. § 2255. A § 2255 motion cannot rest upon vague and conclusory allegations, and such allegations "may be disposed of without further investigation by the District Court." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (citing *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988)).

Barreto's one-page motion is indeed vague and conclusory. He appears simply to have inserted his name into a form motion in which the sole substantive allegation is that he comes before the Court "in light of the new Supreme Court case Johnson . . . invalidating the residual clause and Petitioner's enhancement used to erroneously increase his sentence." (*Id.*) Beyond citing to *Johnson*, he included no specific grounds for relief and no supporting facts. (*Id.*)

Furthermore, it appears that Barreto likely seeks relief on a theory that the residual clause defining "crime of violence" in the United States Sentencing Commission Guidelines Manual is unconstitutionally vague under *Johnson*. If that were his argument, any such relief in that regard would be barred by the Supreme Court's decision in *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017), which found that Guidelines provisions are not susceptible to a vagueness challenge, *id.* at 892–95. For all of these reasons, the Court will dismiss this proceeding without prejudice.[1]

---

[1] While the Court could have exercised its discretion to provide Barreto one last opportunity to prosecute his case or attempt to cure his defective pleading, it bears noting that the Federal Bureau of Prisons inmate locator (http://www.bop.gov/inmateloc/) indicates that Barreto was released

The Court construes Barreto's request to appoint him counsel as an application for appointment of counsel under 18 U.S.C. § 3006A. That section permits courts to appoint counsel to habeas petitioners if they are "financially eligible" and if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In determining whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded by statute on other grounds* 28 U.S.C. § 2254. Such an inquiry includes consideration of the petitioner's likelihood of success on the merits, the proceeding's legal complexity, and the petitioner's ability to investigate and present his case. *See, e.g.*, *Fuscaldo v. Nogan*, Civ. No. 16-4198 (JMV), 2016 WL 5660436, at *1–2 (D.N.J. Sept. 28, 2016); *Shelton v. Hollingsworth*, Civ. A. No. 15-1249 (JBS), 2015 WL 5116851, at *2 (D.N.J. Aug. 31, 2015). As the Court is dismissing Barreto's proceeding for failure to plead any claim, his request for appointment of counsel is denied.

For the reasons stated above, Barreto's §2255 motion is dismissed without prejudice and his application for appointment of counsel is denied. An appropriate Order follows.


Dated: March 5, 2018                                /s/ Freda L. Wolfson
                                                                                                           FREDA L. WOLFSON
                                                                                                           United States District Judge

---

from prison on September 15, 2017. As Barreto has not provided the Court an updated address, as required by Local Civil Rule 10.1(a), any such efforts from the Court would be futile.